BRYANT v. BINGHAM STAGE LINE et al.

No. 3800.   Decided June 22, 1922.   (208 Pac. 541.)

1. EVIDENCE—FORMER MOTORMAN QUALIFIED TO TESTIFY AS TO DISTANCE WITHIN WHICH CAR COULD BE STOPPED. In an action for injuries to a passenger in an automobile struck by a street car, the court did not abuse its discretion in allowing a witness, who testified he had operated cars of that type and had made tests as to the distance within which they could be stopped when running at different rates of speed, though he could not give 'specific instances or dates, to testify as to the distance within which the car could be stopped going at the rate of speed at which the motorman testified it was running when the collision occurred.[1]

2. TRIAL—INSTRUCTION ASSUMING UNDISPUTED FACT THAT AUTOMOBILE WAS DRIVEN IMMEDIATELY IN FRONT OF MOVING CAR NOT ERRONEOUS. In an action for injuries to a passenger in an automobile struck by a street car, where it was undisputed that both vehicles were moving at least eight miles an hour and that the street car fender struck the right rear wheel of the automobile, an instruction assuming that the automobile driver drove on the track immediately in front of the street car was not erroneous, though the speed of the automobile was disputed, the exact rate being immaterial.

---

[1] *Kahn* v. *Old Tel. Co.*, 2 Utah, 174, 189; *Wright* v. *So. Pac. Co.*, 15 Utah, 421, 49 Pac. 309; *State* v. *Webb*, 18 Utah, 441, 56 Pac. 159; *Garr* v. *Cranney*, 25 Utah, 193, 70 Pac. 853.

3. STREET RAILROADS—INSTRUCTION AS TO CARE REQUIRED OF MOTOR-MAN ON CAR HAVING RIGHT OF WAY HELD NOT ERRONEOUS. In an action for injuries to a passenger in an automobile stage struck by a street car approaching a street intersection from the automobile driver's right, where the position of the two vehicles which arrived at the intersection at about the same time was such that their lines of forward movement would cross each other, and it was undisputed that the automobile was driven on the track immediately in front of the street car, the ordinance requiring every driver to grant right to vehicle approaching from his right became a controlling factor, and it was not error to charge that the motorman was not required to anticipate anything not reasonably to be expected and that the street car company was not liable if the automobile was suddenly, without warning, driven onto the track immediately in front of or so close to the street car that the latter could not be stopped by exercising ordinary care.

4. TRIAL—INSTRUCTION AS TO NONLIABILITY FOR COLLISION WITH AUTOMOBILE DRIVEN IMMEDIATELY IN FRONT OF MOVING STREET CAR HELD NOT PREJUDICIAL, IN VIEW OF ANOTHER INSTRUCTION. In an action for injuries to a passenger in an automobile struck by a street car, an instruction that the motorman was not required to anticipate anything not reasonably to be expected, and to find for defendant if the automobile was driven suddenly and without warning onto the track immediately in front of or so close to the car that the latter could not be stopped by exercising ordinary car, was not prejudicial, if erroneous, when read in connection with an instruction that the motorman's failure to prevent a collision or reduce the force thereof constituted negligence if he could have done so by exercising ordinary care.

5. TRIAL—REFUSAL TO INSTRUCT AS TO PLAINTIFF'S RIGHT TO SUE BOTH DEFENDANTS JOINTLY NOT ERRONEOUS. In an action against a stage line and a street railway company for injuries to a passenger in the former's automobile, where plaintiff's right to sue both defendant's jointly was not challenged and the case was tried on such theory without objection, the court's refusal to instruct as to such right was not eroneous.

6. TRIAL—REFUSAL TO GIVE INSTRUCTION SUBSTANTIALLY COVERED BY INSTRUCTION GIVEN NOT ERROR. In an action for injuries to a passenger in an automobile struck by a street car, refusal to instruct that the collision was without fault or negligence on plaintiff's part was not error, where such an instruction was given in substance.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson*, Judge.

Action by Nettie Bryant against the Bingham Stage Line and the Utah Light & Traction Company. From a judgment for defendant traction company plaintiff appeals.

AFFIRMED.

*William Reger* and *M. E. Wilson*, both of Salt Lake City, for appellant.

*Dan B. Shields* and *C. A. Gillette*, both of Salt Lake City, for defendant.

*Bagley, Fabian, Clendenin & Judd*, of Salt Lake City, for respondent.

THURMAN, J.

At the time of the accident and injury hereinafter referred to, defendant Bingham Stage Line, as a common carrier of passengers for hire, operated an automobile stage between Salt Lake City and Bingham Canyon, Utah, and at the same time the defendant Utah Light & Traction Company operated a street railway car system within the limits of Salt Lake City and vicinity.

On October 18, 1920, plaintiff, while being conveyed as a passenger from Bingham Canyon to Salt Lake City by the defendant Bingham Stage Line, was seriously injured in a collision between the automobile in which she was riding and one of the railway cars operated by defendant Utah Light & Traction Company.

The collision and injury occurred at the intersection of Third East and Second South streets, in Salt Lake City.

It is alleged by plaintiff that both of the defendants were negligent in operating their respective vehicles, in that each failed to give warning of the approach of its vehicle to the

point where the collision occurred and failed to keep a proper lookout or to keep said vehicle under proper control, and in the case of the defendant traction company that it operated its street car at an unusual and dangerous rate of speed.

In addition to these allegations, plaintiff pleads and relies on the following ordinances of Salt Lake City:

"Sec. 25. *Turning from One Street Into Another.*—That every person in charge of vehicle when turning to right from one street into another, shall turn as near right-hand gutter as practicable, and in turning to left into another street, shall keep to right of center of intersection."

"Sec. 33. *Care in Driving.*—Every person in charge of any vehicle, street car, shall drive and operate such car in a careful manner, with due regard to width, character of traffic and use of street, and the safety of pedestrians and other vehicles and cars."

"Sec. 1080. *Rate of Speed to be Reasonable.*—It shall be unlawful to operate any electric street car in Salt Lake City at speed greater than is reasonable and safe, having due regard for width, grade, character of traffic,—or so as to endanger life, limb or property in any respect whatever, nor at a speed greater than fifteen miles per hour in crossing the intersection of any street. * * * Upon approaching any bridge, viaduct or steep descent, the operator of such car shall at all times have same under immediate control."

"Sec. 1084. *Cars to be Kept Under Control, etc.*—The conductor. motorman or person in charge of each car shall keep a vigilant watch for all teams, vehicles, persons on foot, and especially for children, either on track, or near same, or moving toward same, and on first appearance of danger to such team, vehicle or person, said car shall be placed under careful control, and shall be stopped in shortest time and space possible."

The defendants filed separate answers, and as special defenses alleged that if the plaintiff was injured at all the injury was caused solely by the negligence of the other defendant. We omit the answer of the defendant Bingham Stage Line for the reason that it is not a party to this appeal.

The traction company, answering plaintiff's complaint, denies every allegation charging it with negligence or responsibility for the accident, and in addition thereto pleads and relies on the following ordinances of Salt Lake City:

"Sec. 23. *Keep to Right.*—Every person driving any vehicle, shall keep to right of center of such street."

"Sec. 27. *Right of Way: Vehicles.*—Every driver of vehicle approaching intersection shall grant right of way at such intersection to vehicle approaching from his right.

"Sec. 29. *Signaling When About to Stop, Turn or Back.*—Every person in charge of vehicle, when about to stop, shall signal persons in rear by raising hand, and when about to turn off the street or turn around, shall indicate to persons in rear. When backing, to give ample warning."

"Sec. 44. *Vehicles Not to Interfere with Street Cars.*—No person in charge of any vehicle shall willfully stop or drive, or cause to be stopped or driven, any vehicle along or across any street railway track in such manner as unnecessarily to hinder, delay or obstruct the movement of car traveling upon such track."

The jury to whom the case was tried found the issues in favor of the plaintiff as against the defendant Bingham Stage Line, but as against the defendant Utah Light & Traction Company it found for the defendant, no cause of action. Judgment was accordingly entered, from which judgment in favor of the traction company plaintiff appeals.

Plaintiff relies on the following alleged errors for a reversal of the judgment: (1) Error in the admission of evidence over appellant's objection; (2) erroneous instruction to the jury; (3) error in refusing to instruct the jury as requested by defendant.

As it is not contended that the evidence was insufficient to sustain the verdict, no attempt will be made to state the evidence in detail. A general statement, however, at this stage of the opinion, as to how the accident occurred, will tend to enlighten the reader concerning the nature of the case and give point to the exceptions relied on by appellant.

The accident occurred between 9 and 10 a. m. of the date hereinbefore mentioned. The stage line automobile upon which the plaintiff was a passenger entered upon Third East street at some point south of the place where the accident occurred. There were three other passengers—one gentleman and two ladies. The three ladies occupied the rear seat, the plaintiff sitting at the east end. The gentleman referred to occupied the front seat with the driver. When the automobile which was going north, arrived at the south line of the intersection of Third East and Second South, a street car of

the defendant traction company running west on the north railroad track on Second South street had about reached the east line of the same intersection. Thence on until the happening of the accident there is some conflict in the evidence as to the movements of the automobile and the street car. There is evidence tending to show that each vehicle slowed down for an instant and afterwards started forward at an increased speed. There is no conflict, however, as to the fact that at some point between the south line of the intersection and the north railroad track, upon which the street car was running, the driver of the automobile turned his machine in a northwesterly direction and started to cross the track in front of the street car so that the car came in collision with the right rear wheel of the automobile, near the end of the seat where plaintiff was sitting. The impact turned the automobile, which was headed northwesterly, partially around so that it headed in a northeasterly direction and was left standing at or near the west line of the intersection. As stated in the beginning, plaintiff appears to have been quite severely injured.

From whatever standpoint the case may be viewed, the conclusion is irresistible that the driver of the automobile was negligent in attempting to cross the track in front of the on-moving street car, and therefore the judgment against the defendant Bingham Stage Line is unimpeachable.

It is earnestly contended, however, that the driver of the street car was also negligent, and that without such negligence the accident and consequent injury to plaintiff would not have occurred. Appellant's contention in the last analysis is that the case was not fairly submitted to the jury.

The first contention is that certain evidence prejudicial to plaintiff was erroneously admitted over plaintiff's objection.

In the progress of the trial it becomes material to determine within what distance the street car might have been stopped by the motorman at the intersection where the accident occurred. H. F. Dicke, manager of the defendant Utah Light & Traction Company, was sworn as a witness for said defendant, and, in answer to a question propounded by de-

fendant's counsel, stated that he was acquainted with the stops that could be made by the street car going at different rates of speed. He was then asked within what distance one of the cars could be stopped going at the rate of eight miles an hour. Such rate had been testified to by the motorman as the rate the car was running when the collision occurred. The question was objected to on the grounds that the witness had not shown himself qualified to answer. The court sustained the objection. In answer to a further question by defendant's counsel, the witness stated he had made tests, or been present when tests were made, with these cars as to the distance within which they could be stopped going at different rates of speed. He was then asked "within what distance such car could be stopped going at the rate of eight miles an hour on a level street dry track." This was objected to by plaintiff's counsel on the grounds that no foundation had been laid and that the witness was not qualified to express an opinion. The court overruled the objection and exception was noted. The witness answered:

"Between 50 and 60 feet going 8 miles an hour. Going 15 miles an hour could be stopped about 80 or 100 feet; going 20 miles an hour, from 100 to 120 feet."

All of which was objected to by plaintiff and exception taken.

The witness had previously testified he had been in the business of street car manager or in connection with operation of street car lines for about 20 years, and for about 5 years had had charge of the local property. He stated he was acquainted with the type of car involved in this action, and said it was the 700 type; testified as to their weight and length and, as before stated, said he was acquainted with the distance within which they could be stopped.

On cross-examination by plaintiff's counsel, the witness said he had operated street cars many and many a time off and on every year for the last 20 years. He said he had operated cars of the 700 type in Salt Lake City within 2 years or 1½ years. He had operated them for many blocks at different times and different distances. Witness could not give

specific dates, but said he had operated generally on Seventh East street near the car barns. Although witness could not give specific instances or dates, he nevertheless testified he had operated cars as a motorman and had made tests as to the distance within which they could be stopped running at different rates of speed. He was acquainted with the particular class of car to which the car in question belongs, and his testimony was directed to that particular class.

In support of his objection, counsel for appellant cites and quotes from many cases: 11 Enc. Ev. 840; *Geist et al.* v. *Detroit City Ry. Co.,* 91 Mich. 446, 51 N. W. 1112; *L. & N. Ry.* v. *Foard,* 104 Ky. 456, 47 S. W. 342, 20 Ky. Law Rep. 646; *Boring* v. *Met. St. R. Co.,* 194 Mo. 541, 92 S. W. 655; *Alabama G. S. R. Co.* v. *Burgess,* 119 Ala. 555, 25 South. 251, 72 Am. St. Rep. 943; *Mammerberg* v. *Met. St. R. Co.,* 62 Mo. App. 563.

On the other hand, counsel for respondent call our attention to many decisions of this court to the effect that the qualification of a witness as an expert is a question for the trial judge and his determination will be reviewed only where there is a palpable abuse of discretion: *Kahn* v. *Old Tel. Co.,* 2 Utah, 174, 189; *Wright* v. *So. Pac. Co.,* 15 Utah, 421, 49 Pac. 309; *State* v. *Webb,* 18 Utah, 441, 56 Pac. 159; *Garr* v. *Cranney,* 25 Utah, 193, 70 Pac. 853. See, also, Rogers, Expert Testimony (2d Ed.) § 22, from which we quote the following excerpt enunciating the rule adopted by this court in the cases above cited:

"It being a question of fact to be decided by the trial judge whether a witness offered as an expert has the qualifications necessary to entitle him to testify in that capacity, the question arises whether the decision of the matter by the trial court can be reviewed in an appellate court. The courts in some instances appear to have laid down the principle unqualifiedly, that the question whether a witness possesses the necessary qualifications of an expert is a question of fact purely within the province and discretion of the trial judge, and that his decision concerning the matter is not subject to revision in an appellate court. But there is not a harmony of opinion on the subject. The Supreme Court of Indiana say: 'Some of the cases go very far upon this point, for some of them hold that the decision of the trial court is conclusive, but we

think the cases which hold that where there is no evidence at all tending to prove that the witness is qualified to testify as an expert, or where there is a palpable abuse of discretion, the ruling of the trial court is subject to review, are supported by the better reason.' In this expression of opinion we emphatically concur."

In view of the answers made by the witness concerning his qualification and the rule previously adopted by the court, we do not feel warranted in holding that the trial court abused its discretion in permitting the witness to answer.

The next exception relied on by appellant is to the court's instruction No. 10. It reads as follows:

"You are instructed that if you find from the evidence in this case that at the time and place of the accident a reasonably prudent person situated and surrounded as was the motorman in charge of the car in question, and knowing what he knew, or should have known, and seeing what he saw, or should have seen, would not, in view of all the circumstances, have anticipated that the automobile would be driven on the track immediately in front of the moving street car, then the motorman could not be charged with negligence in proceeding upon the assumption that such automobile would not be driven, or go into a position of danger on the tracks."

The point of appellant's objection is that the instruction assumes that the driver of the automobile drove his car on the track immediately in front of the moving street car.

Appellant assumes that this was one of the important issues in the case. In this connection it is stated that "the speed of the automobile was a seriously disputed question of fact.

It is somewhat difficult to see just what the speed of the automobile had to do with the question as to whether or not it was driven on the track immediately in front of the on-moving street car.

There are certain physical facts that are not in dispute: (1) Both the automobile and the street car were moving at the time of the collision at rates of speed ranging from 8 to 20 miles an hour—the exact rate is immaterial. (2) The fender of the street car struck the right rear wheel of the automobile while it was passing over the north track upon

which the street car was moving. From these facts alone the conclusion is irresistible that the automobile **2** was driven upon the track immediately in front of the moving street car. If it had not been driven upon the track immediately in front of the moving street car the collision could not have occurred. Assuming that the automobile was moving only 8 miles an hour, which is the lowest estimate made by any witness, it would be moving a fraction more than 11 feet per second. The automobile, in attempting to cross the track, having been struck before it could get across, must have been driven upon the track immediately in front of the moving street car. We think, in view of the uncontroverted physical facts, the trial court was justified in assuming that the automobile was driven on the track immediately in front of the moving street car.

Appellant also excepted to instruction No. 11 and insists that the giving of the instruction was reversible error. The instruction reads:

"You are instructed, with reference to the duty of the motorman of the car in question, that the law did not require him to anticipate nor to guard against anything which was not reasonably to be expected, and the law did not require him to regulate his conduct with reference to any conduct of others, not reasonably to be expected by him, under the circumstances in evidence, and in this connection you are instructed that if you find from the evidence that the Bingham stage in question was suddenly, without notice or warning, turned or driven onto the street railway track immediately in front of, or so close to, the street car, that the street car could not be stopped by the motorman in the exercise of reasonable or ordinary care, your verdict must be for the defendant Utah Light & Traction Company, 'No cause of action.'"

We have already concluded from the undisputed evidence that the automobile was driven upon the track immediately in front of the moving street car. We have now to determine as matter of law whether this conduct on the part of the automobile driver was reasonably to be expected by the motorman of the street car. This question requires a brief reference to the situation of the parties shortly before the collision. As near as we can determine from the evidence, the automobile arrived at the south line of the intersection of the two

streets just about the same time the street car arrived at the east line. The evidence upon this point is not entirely clear, but this is the conclusion I draw from the testimony. In any event, the position of the parties was such that their lines of forward movement would cross each other, and the question of right of way became a material factor in the case. Several ordinances of Salt Lake City were admitted in evidence, among which was the following:

"*Right of Way; Vehicles.*—Except as herein otherwise provided every driver of a vehicle approaching an intersection of a street shall grant the right of way at such intersection to any other vehicle *approaching from his right.*" (Italics ours.)

The motorman of the street car testified that the automobile slowed up at one point near the south line of the intersection and he supposed the driver had heeded his warning. The driver of the automobile also testified that he slowed down, nearly stopped, because an automobile was coming from the west driving fast on the south side of Second South. The motorman of the street car says when he saw the automobile slow down, he started the street car at an increased speed.

Whatever may be the actual facts as to the situation of the parties at this stage of their movements, it is quite conclusive to the mind of the writer that it was a case in which the right of way under the ordinance became a controlling factor.

We quote in this connection instruction No. 9, to which no exception was taken:

"The right of precedence at a crossing, whether given by law or established by custom, has no proper application except where the travelers, or vehicles on intersecting streets approach the crossing so nearly at the same time, but at such rates of speed, that if both proceeded, each without regard to the other, a collision or interference between them is reasonably to be apprehended, in such a case it is the right of the one having the precedence to continue his course, and it is the duty of the other to yield him that right of way.

"But in this case the negligence of the driver of the automobile, if any, is not to be charged against or imputed to the plaintiff, and if you find negligence on the part of such driver of the automobile, and further find negligence on the part of the operator of the street car of the defendant traction company, and that the com-

bined negligence of the driver of the automobile and of the defendant street car company caused the accident, then you will find against both of the defendants and in favor of the plaintiff."

Instruction No. 12, immediately following instruction No. 11, to which appellant objected, was certainly unexceptionable from any point of view and should be read **3, 4** and construed in connection with instruction No. 11:

"You are instructed that if the motorman, by the exercise of ordinary care, could have prevented any collision, or by the exercise of ordinary care could have reduced or diminished the force and violence of the collision to such an extent that no injury would have been done to the plaintiff, then a failure on his part in either such case would constitute negligence, for which the street car company would be liable."

The writer is of opinion that instruction No. 11, even standing alone, under the undisputed facts, was not erroneous. It clearly was not prejudicial when read in connection with instruction No. 12.

Finally appellant excepts to the refusal of the court to instruct the jury as requested in appellant's requests No. 4 and No. 9.

Request No. 4 states, in effect, that the plaintiff in this case had the right to maintain a joint action against both of the defendants. As the right was not challenged **5** and the case from beginning to end was tried upon that theory without objection, we know of no reason why such an instruction should have been given.

Request No. 9 was to the effect that the collision was without fault or negligence on the part of the plaintiff. As we read the instructions given by the court, such an **6** instruction in substance was given and must have been so understood by the jury.

The instructions considered as a whole appear to have been impartial and entirely free from bias. They correctly state the law applicable to this class of cases.

The record appears to be free from error, and the verdict of the jury well sustained by the evidence.

The judgment of the trial court is affirmed, at appellant's cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.