358 P.2d 906

**HOGAN DAIRY COMPANY, Plaintiff and Appellant,**

v.

**CREAMERY PACKAGE MANUFACTURING COMPANY, Defendant and Respondent.**

No. 9241.

Supreme Court of Utah.

Jan. 19, 1961.

4. 52 Am.Jur., Sec. 40, page 244.

Stephens, Brayton & Lowe, Salt Lake City, for appellant.

Moreton, Christensen & Christensen, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a verdict of no cause of action. Affirmed. Costs to defendant.

■ Reviewing the evidence in a light most favorable to the verdict, as we must, the following can be said:

Defendant manufactures what is known as Vac Heat, a piece of equipment represented as being able to eliminate objectionable odors from milk and to extend its edible life beyond the usual through a high heat process.

Plaintiff's Mr. Hogan and defendant's Mr. Anderson had attended a lecture at a local agricultural college, where the features of the unit were explained. Later Anderson and Hogan talked about a sale, but Hogan was not prepared to buy the unit, preferring to lease it. Defendant was not prepared to lease, but suggested that it would sell to a leasing company, which in turn, could lease to Hogan, with shipment direct from defendant's factory. This was accomplished. It was understood that defendant's personnel would supervise the installation. The installation was made by Hogan in the presence of Anderson, who advised, however, that the unit should not be operated until a factory man checked it. Nonetheless, Hogan used it one or two days before any such inspection was made.

The unit was operated but a very short time when Hogan claimed it was not operating properly and was producing a cooked taste in the milk. After customers complained, Hogan complained to defendant, who, on several occasions sent a factory expert to determine the cause of any failure. After about three months the defect seemed to have been corrected and the unit operated thereafter for five or six months.

Hogan then stopped using it, stating it again began its malfunction. Testimony indicated that any damage caused by such failure quickly and easily could have been prevented by a simple mechanical adjustment taking about 20 minutes. There was also evidence to the effect that Hogan had assembled the unit improperly, that suggested changes by the factory representative had not been followed, that simple heat adjustments could have corrected the difficulty and that the contamination that Hogan had claimed existed could not have occurred in the unit but must have occurred either before or after the milk entered it.

■ Hogan sued the defendant for damages claimed to have arisen out of defendant's breach of warranty or negligence. There was nothing in writing between Hogan and defendant, and the whole matter was an outright sale by defendant to a leasing company, which in turn leased to Hogan.

There appears to be sufficient competent, credible evidence in this case that would justify the jury in arriving at a no cause of action verdict because of plaintiff's own substandard assembly and/or operation of equipment that otherwise would have operated properly, all of which, if true, would insulate defendant against plaintiff's contentions. Plaintiff seems to have conceded that such a result could have obtained when, at argument on appeal, he abandoned his Point No. 6, as being without merit, which point was to the effect that the evidence was insufficient to support the verdict.

Plaintiff urges, however, that the court erroneously gave one instruction and failed to give two others.

■ The instruction complained of was to the effect that if plaintiff discovered a malfunction of the unit, but continued to use it, plaintiff could not recover any damages resulting after such discovery. Counsel urges that under the uncontradicted facts of this case, such an instruction was tantamount to a directed verdict of no cause of action, since plaintiff "knew of flavor and mechanical problems from the time of installation." If this be plaintiff's contention, the instruction would not seem to have been improper, since after such discovery, plaintiff ordinarily would have a duty to mitigate damages that might ensue. Counsel agrees that usually such a duty exists but tempers the rule with the reasonable man doctrine. He justifies the continued use because defendant's experts represented they would make the unit operable, but failed. Defendant's expert visited plaintiff's plant two days after installation of the unit, and again seven days later, pointing to faulty assembly and offering suggestions for correction. This same expert came again about three months later.

The fact that Hogan continued to use the equipment during all that time, with alleged continued and mounting losses, does not seem to square with the reasonable man doctrine, particularly when Hogan claimed a loss of $100,000 during that period. We agree with the authorities cited by plaintiff but feel they are inapplicable under the circumstances of this case, and that the claimed discovery of defect at the outset, together with the facts here, justified the instruction.

Plaintiff claims that the court erred in refusing its requested instruction with respect to an agreement between plaintiff and defendant. In substance it was to the effect that defendant agreed with plaintiff to ship the unit, would supervise and furnish personnel to install it and would guarantee that if plaintiff used the unit it would improve the milk's flavor and improve its keeping qualities. Plaintiff claims the evidence was uncontradicted as to all matters set forth in this very broad instruction. We think it so broad as to impel us to disagree with the contention of noncontroversion. But it seems to be moot anyway, since counsel conceded at oral argument that there was evidence from which the jury *could* have arrived at its verdict, when he abandoned his Point No. 6, which urged that the evidence was insufficient to support such verdict.

Two other points urged seem to us not to be prejudicial such as to reverse.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.