491 P.2d 1209

Arthur ROWLEY, Plaintiff and Appellant,

v.

GRAVEN BROTHERS & COMPANY, Inc.,
aka Graven Construction Company,
Defendant and Respondent.

No. 12384.

Supreme Court of Utah.

Dec. 14, 1971.

King, Craft & Bullen, Samuel King, Salt Lake City, for plaintiff-appellant.

Raymond M. Berry, Worsley, Snow & Christensen, Salt Lake City, for defendant-respondent.

CROCKETT, Justice:

Plaintiff, Arthur Rowley, an independent contract trucker, sued defendant Graven Brothers Construction Company for injuries he suffered when some large pipes he had hauled from the defendant's yard in Flagstaff, Arizona, rolled off his trailer while being unloaded in defendant's yard in Salt Lake City. Upon trial a jury answered special verdicts submitted to them: that the defendant was negligent which proximately contributed to cause the plaintiff's injury, but that the plaintiff was himself similarly guilty of contributory negligence. Accordingly, a judgment of no cause of action was entered.[1] The matter

1. That contributory negligence bars recovery, see Johnson v. Lewis, et al., 121 Utah 218, 240 P.2d 498.

of importance on appeal is plaintiff's contention that the verdict and judgment resulted from improper instructions to the jury.

On November 19, 1969, the plaintiff picked up a load of pipe at the defendant's yard in Flagstaff on his large tractor-trailer units. The front load, with which we are concerned here, consisted of three large pipes (42 inches in diameter and 16 to 22 feet in length) and four smaller pipes (12 inches in diameter and about the same length). In loading, two of the large pipes were laid on the bed, and then four of the smaller pipes wedged between them. A chain was then fastened over them to stabilize and secure them to the bed of the trailer. The third large pipe (42-inch diameter) was then placed on top which would bring the chain taut; and two additional chains, one front and one rear, were used to secure the entire load. During this procedure plaintiff and defendant's yardmen placed loading blocks along the side of the trailer bed to hold the pipes from rolling outward. After the load was secured the plaintiff removed part of those blocks.

Plaintiff proceeded to drive to the defendant's Salt Lake yard, arriving there November 21st. Defendant's employees directed him in placing the truck alongside the dock where defendant's yardmen, using a crane, were to help unload. The rear unit, loaded with 28 pipes, 12 inches in diameter, was unloaded without incident. After the top 42-inch pipe on the front load was removed, plaintiff climbed onto the truck to unfasten a lever clamp device to loosen the chain. He partially released it, but the pipes did not move, so he applied additional force. When the chain was released the large pipe upon which he was standing started rolling off the west side. He jumped clear of the pipe but landed on the ground with such force that he suffered fractures in his left leg and right ankle.

■ The deficiency which is blamed for defendant's injury is the lack of adequate loading blocks to steady the pipes on the truck while they were being removed by the crane. Plaintiff and defendant each charge the other with the primary duty of seeing that the load was thus adequately blocked, and with failure to discharge that duty. The evidence at the trial was directed toward proof on that dispute. If it is reviewed in the light favorable to the jury's findings, as it should be,[2] there is a reasonable basis therein to support the jury's finding that each party was at fault which proximately contributed to the accident.

The gravamen of plaintiff's contention is that the wording of certain of the instructions to the jury prevented them from giv-

---

2. See Hogan Dairy Co. v. Creamery Package Mfg. Co., 11 Utah 2d 322, 353 P.2d 906.

ing a fair consideration of the issue of his negligence by imposing too rigorous a standard of care upon him.

One of the instructions told the jury that the plaintiff:

> . . . was under a duty at all times to exercise such reasonable care for his own safety as an ordinary prudent person would have done under the circumstances—*to discover any observable hazards in unloading the pipe from the trailer* and to take such precautions as a reasonably prudent person would take under the same or similar circumstances.

Another stated:

> The law does not permit one negligent person to recover against another negligent person where the negligence of each proximately contributed to cause the accident . . . even though one is more negligent than the other. . . . the degree of negligence . . . cannot be considered . . . if the negligence of each proximately contributed *in any degree to cause the accident, then neither can recover.* . . .
>
> . . . if you find that the plaintiff, Arthur Rowley, was negligent *in any respect* claimed by defendant, and that his negligence proximately contributed to causing the accident . . . [then he cannot recover].

Plaintiff argues that these instructions have the effect of placing upon him personally the entire burden of checking "all observable hazards"; that this is in contrast to the accepted standards of the occupation which permit reasonable reliance on the other parties engaged in the same work; and that the improper emphasis upon the standard of care required of him is aggravated by the use of the language that if his negligence "contributed *in any degree* to cause the accident" then he could not recover.

■ Our comment on the first of the instructions just referred to is: If the language assigned as objectionable be excerpted and looked at in isolation there is some plausibility to plaintiff's argument that it might have the effect he suggests. However, it will be noted that it was coupled with the correct statement that he was obliged to take such precautions as a reasonable and prudent person would take under the same circumstances. Notwithstanding minor variants in the instructions, if they are all considered together, as they are required to be,[3] we think they adequately set forth the duties of the parties and properly submitted the issues to the jury.

■ As to the other instruction: It is true that this court has on several occa-

---

3. Walkenhorst v. Kesler, 92 Utah 312, 67 P.2d 654.

sions criticized the use of such qualifying phrases referring to negligence "however slight" or "in any degree" as being argumentative and therefore ill-advised and improper.[4] Proceeding from that premise, the question yet remains as to whether there was error or impropriety which would justify reversing the judgment. The mandate of our law is that we do not reverse for mere error or irregularity.[5] We do so only if the complaining party has been deprived of a fair trial. The test to be applied is: Was there error or irregularity such that there is a reasonable likelihood to believe that in its absence there would have been a result more favorable to him? If upon a survey of the whole evidence this question must be answered in the negative, then there is no justifiable basis for reversal of a judgment.[6]

In the situation here under analysis these facts are important to have in mind: The evidence shows that the plaintiff, as a trucker, was well acquainted with the procedures and safety measures essential to the loading, transportation and unloading of such pipe. The use of the loading blocks to steady the pipes, concerning which he blames the defendant, was upon his own truck. The need for them, and the manner and amount in which they were or were not used, was equally known and observable to him as to the defendant's employees. Moreover, it was the defendant himself who got on the load to unloose the chains and in connection with his doing so the misfortune occurred. In harmony with the verdict of the jury, and the judgment entered by the trial court, it seems quite inescapable that a lapse in caution on plaintiff's own part was at least a proximately contributing cause of his injury. Consequently, if any faults in the instructions are considered in the light of the circumstances as shown by the evidence, we are not persuaded that there was any such error as would justify reversal of the judgment. (All emphasis added.)

Affirmed. The parties to bear their own costs.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

4. In the case of Divine v. Cook, 3 Utah 2d 134, 146, 279 P.2d 1073, 1081, District Judge Norseth, speaking for this court, stated: "We here observe that the phrases 'to any extent,' 'however slight,' and 'in any degree' are usually used as argumentative phrases in requested jury instructions attempting to emphasize the duty of the parties against whom directed *and that it is ill-advised* to use them in instructions . . . ." See also Taylor v. Johnson, 15 Utah 2d 342, 393 P.2d 382, and Johnson v. Lewis, footnote 1 above.

5. Rule 61, U.R.C.P.

6. As to solidarity of verdicts and judgment, see statement in Uptown Appliance & Radio Co., Inc. v. Flint, et al., 122 Utah 298, 249 P.2d 826, and in Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.