Mary J. MACKEY, Plaintiff
and Appellant,

v.

Richard L. HARVEY and Kim Harvey,
Defendants and Respondents.

No. 14619.

Supreme Court of Utah.

Nov. 22, 1977.

Homer F. Wilkinson, Salt Lake City, for plaintiff and appellant.

Henry E. Heath, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

This is an appeal from a jury verdict in favor of the defendant in a case involving a collision between the automobiles of the parties.

The appellant (plaintiff below) was traveling east on 33rd South Street and the respondents were going south on 7th East Street. Thirty-third South Street is 49 feet wide through the intersection and the front of respondents' car was 17 feet 3 inches south of the north line of the intersection. His car was in the center lane of 7th East at all times prior to the collision.

The appellant claims that as she approached the intersection, she observed a green arrow in the traffic light indicating that she could make a left turn and go north on 7th East Street, and that the green arrow continued until she was struck near the windshield section of her car.

She produced a witness who was parked at the south side of the intersection headed north on 7th East Street. He testified that the light was red for north-bound traffic and that he was waiting for a green light in order to proceed through the intersection; and, further, that the light was still red when the collision occurred.

The respondent testified that he entered the intersection on a green light and applied his brakes as soon as he saw the appellant's car.

The average length of the four tire marks of respondents' car was 31 feet 11 inches

prior to impact. The appellant never saw respondents' automobile until shortly before impact.

The law regarding right-of-way in this case is set out in our statute, U.C.A., 1953, as follows:

41–6–24. Traffic-control signal—At intersections . . . Whenever traffic is controlled by a traffic-control signal exhibiting the words 'Go,' 'Caution,' or 'Stop,' or exhibiting different colored lights successively one at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:

(a) 'Green' alone.

(1) Vehicular traffic facing the signal, except when prohibited under section 41–6–92, may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited.

\* \* \* \* \* \*

(c) Steady 'Red' alone.

(1) Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at an intersection or at such other point as may be indicated by a clearly visible line and shall remain standing until 'Green' is shown alone; provided that vehicular traffic stopped in the lane nearest the right-hand side of the highway, unless prohibited by a sign, may cautiously enter the intersection for the purpose of making a turn to the right but shall not interfere with other traffic nor endanger pedestrians lawfully within a crosswalk.

\* \* \* \* \* \*

(d) Steady 'Red' with 'green arrow.'

(1) Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow, but shall yield the right of way to pedestrians lawfully within a crosswalk and to other traffic lawfully using the intersection.

■ There is another rule of law which is that a person is entitled to rely upon a presumption that all others will obey the law until he knows, or in the exercise of reasonable care should know, that someone is not obeying the law. See Jury Instruction Forms of Utah (J.I.F.U.), No. 16.10 and *Bryant v. Bingham Stage Line,* 60 Utah 299, 208 P. 541 (1922).

The trial court gave the following instruction to the jury:

You are instructed that even though the operator of an automobile has the right-of-way, he still has the duty to keep and to maintain a reasonable, proper, and adequate lookout and to use reasonable and ordinary care to avoid a collision. One who has the right-of-way must use due care while crossing and must continue to keep a reasonable lookout and reappraise the situation as he approaches an intersection and use reasonable and ordinary care under the circumstances to avoid a collision as he proceeds.

There is imposed upon a driver the duty to be aware of the relative positions and speeds of vehicles approaching and he must recurrently reobserve and reappraise in the light of the consistent changing conditions of a fluid traffic situation. Therefore, even if you should find from the evidence in this case that either driver had the technical right-of-way, you should also consider that such right-of-way is a relative right only, and if he was careless in failing to keep and continue to keep a reasonable and adequate lookout or fail to exercise reasonable and ordinary care under the circumstances to avoid a collision and that such negligence, if any, proximately contributed in any substantial degree to cause the collision, he would be negligent.

■ This instruction was taken from the case of *Badger v. Clayson,* 18 Utah 2d 329, 422 P.2d 665 (1967), wherein an identical

instruction was approved by this Court.[1] Whatever may be said about that instruction, and particularly whether "adequate lookout" means one which will prevent a collision, the instant case does not require that particular instruction. In the *Badger* case, the intersection was a veritable blind one, and, therefore, each party should reduce his speed and be alert for other traffic. In the instant matter, the intersection was open. The evidence shows that the appellant entered the intersection on a green arrow and at a time when the light was "red" for the respondents' lane of traffic. Even if the light for south-bound traffic turned green by the time the respondent entered the intersection, he had a duty to allow vehicles which had already lawfully entered therein to complete their journey through the intersection, and he could not simply run them down merely because he may have had a green light in his favor. (U.C.A., 1953, 41–6–72.)

The court committed reversible error in giving the instruction set out above. The judgment is reversed, and the case remanded for a new trial. Costs are awarded to the appellant.

WILKINS, J., concurs.

HALL, J., concurs in the main opinion and also concurs in the concurring opinion of CROCKETT, J.

CROCKETT, Justice (concurring with comments.)

In my judgment this case is in the twilight zone as to whether any error in the instructions should be deemed sufficiently prejudicial to warrant the granting of a new trial.[1] Particularly so when the jury were instructed that they should not single out any particular instruction, but should consider them all together. Defendant argues that if this were done the jury should have understood from other instructions that there was only a continuing duty of reasonable care imposed upon both parties. However, in view of the judgment of my fellow justices that instruction No. *15,* quoted in the main opinion, is too strongly argumentative in favor of the defendant, I make no argument in its defense as applied to the facts in this case.

The following observations seem appropriate: As the main opinion seems to indicate, although that instruction did not constitute prejudicial error as applied to the facts in the *Badger v. Clayson* case referred to therein, that does not mean that would be true as to all fact situations. Reference is made to the prefatory material in J.I. F.U.; XV, concerning the apprehension of the committee as to the giving of instructions which may be correct in the abstract, but may be error if given where the facts would not justify it. The statement concludes that: ". . . it should not be assumed that any particular instruction may be safely requested or given merely because it appears to be a correct statement of the law [in the abstract] it must be appropriate to the case and often must be correlated to other necessary instructions."

MAUGHAN, Justice (concurring).

In concurring with the main opinion, it is my view we should take this opportunity to rid our law of the instruction quoted from *Badger v. Clayson.* It can only clutter our law of intersection accidents. It could be known as the adequate lookout—technical right-of-way—compound eye instruction. As was said by Justice Callister, dissenting in the *Badger* case: "In order to comply with the duty imposed by the instruction, the plaintiff would be compelled to stop at the intersection, on a green signal, and observe the cross street for approaching traffic." Whereupon I might say, the traveler would most likely be smashed in the rear.

1. The author of this opinion was the trial judge in that case.

1. See Rule 61 U.R.C.P., *Rowley v. Graven Brothers,* 26 Utah 2d 448, 491 P.2d 1209 (1971).