281 P.2d 208

**Lottie B. BEST, Plaintiff and Respondent,**

v.

**Marilyn HUBER, Fred Huber and Fred Huber Company, Defendants and Appellants.**

No. 8235.

Supreme Court of Utah.

March 24, 1955.

178·

Rich, Elton & Mangum, Alvin I. Smith, Salt Lake City, for appellants.

George K. Fadel, Bountiful, for respondent.

### McDONOUGH, Chief Justice.

Appeal from a judgment pursuant to a verdict awarding plaintiff $8,609.55 in a personal injury action arising out of an automobile collision. Defendants Marilyn Huber and her father, Fred Huber, who accepted liability for any negligence of his minor daughter by signing her application for a driver's license, U.C.A. 41–2–10, appeal on the contention that the verdict should have been directed or judgment entered notwithstanding the verdict because the evidence showed that the accident was the result of an unforeseeable mechanical failure and not the negligence of the defendants.

Plaintiff called Marilyn Huber as her witness. Miss Huber testified that she was traveling at about twenty-five miles per hour and that she applied her brakes 2½ to 3 car lengths away from the plaintiff's car, which was stopped at an intersection. When she pressed the brake pedal, it went to the floor board; she pumped the brakes two or three times and did not have time to use the hand brake, nor turn aside, in

order to avoid hitting plaintiff's car in the rear. She further testified that she had used the foot brake on a hill just previous to the accident and that at that time she had full braking power and was surprised by the sudden failure of the brakes at the intersection.

■ Defendants claim that because plaintiff called this witness, she is bound by the testimony thereby elicited. However, Rule 43(b), Utah Rules of Civil Procedure, 78 U.C.A.1953, is to the contrary, it being thereby specifically provided that " * * * A party may call an adverse party * * * and interrogate him by leading questions without being bound by his testimony and may contradict and impeach him in all respects as if he had been called by the adverse party * * *."

The jury was not, as defendant seems to assume, obliged to accept as true her testimony in regard to instantaneous failure of the brakes. Because of her self-interest and a consideration of the improbability of a sudden and complete failure of brakes which are in good working order, the jury might have disbelieved this portion of her testimony. Additionally, the fact that she says that she pumped the brakes two or three times in the instant between the claimed brake failure and the crash suggests that she knew of at least a weakness in the brakes. In the present case, as in many others, the opposing party would have no means whatsoever of refuting defendant's testimony, and to limit the jury's considerations to such testimony as to the sudden and complete brake failure could provide an invulnerable defense in cases involving vehicle collision.

Nevertheless, accepting the uncontradicted evidence of defendant Marilyn Huber as entirely truthful, we agree with the trial court that the question presented was one for the jury.

■ It has been frequently announced by this court that negligence is a question for the jury unless all reasonable men must draw the same conclusion from the facts as they are shown. Shafer v. Keeley Ice Cream Co., 65 Utah 46, 234 P. 300, 38 A.L.R. 1523; Lowe v. Salt Lake City, 13 Utah 91, 44 P. 1050, 57 Am.St.Rep. 708; Baker v. Decker, 117 Utah 15, 212 P.2d 679. As was said in Linden v. Anchor Min. Co., 20 Utah 134, 58 P. 355, 358:

" 'Where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this whether, the uncertainty arises from a conflict in the testimony, or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them.' "

■ Plaintiff here produced evidence that there was adequate room on the street for the defendant to have turned to the right to avoid the accident. Defendant, herself, testified that the hand brake was in good working order but that she made no attempt to use it or to turn aside. The

jury, from the undisputed facts, could have found her negligent in either of these particulars or, under a general instruction of due care, could have found her negligent in failing to apply the foot brakes within a reasonable distance from the automobile she was approaching.

Defendants were accorded the benefit of an instruction on unavoidable accident and another on the emergency doctrine. We cannot say that the jury disregarded these instructions in arriving at the conclusion that the accident could have been avoided by the defendant in the exercise of due care.

Judgment affirmed. Costs to respondent.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.