367 P.2d 191

Alvin W. JENSEN and Harold Kay, Plaintiffs and Appellants,

v.

Bob Vernon DOLEN, Defendant and Respondent.

No. 9497.

Supreme Court of Utah.

Jan. 3, 1962.

Ben D. Browning, Salt Lake City, for appellants.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

CALLISTER, Justice.

Automobile accident suit. After the presentation of plaintiffs' cases, the defendant rested and moved for a directed verdict. The lower court thereupon entered a judgment of dismissal and plaintiffs appeal.

The collision giving rise to the action occurred at approximately 7 a. m., February 13, 1959, in Weber County, on U. S. Highway 30, at the point where it intersects with U. S. 89. An automobile driven by plaintiff Kay, and in which plaintiff Jensen was a passenger, was struck in the rear by a car operated by the defendant.

The evidence, viewed in the light most favorable to the plaintiffs,[1] discloses that on the morning of the accident the two automobiles involved had been traveling from Morgan, Utah, on U. S. 30 en route to Hill Air Force Base where the occupants were employed. The road, for about 20 miles from Morgan, is located in a canyon and on this morning was spotted with patches of ice and packed snow. After U. S. 30 leaves the mouth of the canyon, it divides and the left fork crosses a bridge and then extends across open and nearly level ground for about one mile until it ends at the intersection with U. S. 89, where the accident took place.

There is a stop sign at the intersection facing the traffic approaching on U. S. 30. Just before the stop sign there was a sheet of "glassy" ice for about 150 to 200 feet. The condition of the road from the bridge to this ice was disputed. The defendant claimed that it was bare and clear. Kay testified that there was a patch of snow about 450 feet prior to where the ice commenced. Both drivers were familiar with the highway and the intersection.

A car, driven by one Dixon, had come to rest at the stop sign. The Kay automobile, approaching the intersection upon the ice, hit the Dixon car in the rear with a "slight bump" causing no damage. The defendant's automobile then collided, with considerable force, into the rear of Kay's automobile.

Kay testified that, prior to reaching the ice, he had been traveling at a rate of approximately 40 m. p. h.; that he did not observe the ice until he was almost upon it and that before reaching it he reduced his speed to about 20 m. p. h. Once upon the

1. Wood v. Wood, 8 Utah 2d 279, 333 P. 2d 630.

ice, he kept "working the brakes" and pulled his car to the side of the road "to catch some snow * * * [which] helped me brake." Kay claimed that at no time had his car slipped, that he only slightly bumped Dixon's automobile, and, had he so desired, he could have guided his car to the side and avoided the contact. He also testified that, after defendant collided with his car, the defendant admitted the accident was his fault and agreed to pay for the property damage.

The deposition of the defendant was published by the plaintiffs and read to the court and jury. In his deposition the defendant testified that he thought the ice was water on the highway and did not determine it to be ice until he "actually came onto it" at which time he was going about 25 m. p. h. He immediately touched his brake but his speed did not reduce so he began to shift gears rapidly, which tended to reduce his speed, but at no time, despite repeated application of the brakes, did his car reduce its speed enough to avoid the impact. He tried to turn to the right, but got no response and his car kept going straight ahead. Defendant denied having at any time made a statement that the accident was his fault.

It is undisputed that there were no signs warning of the icy condition and that none of the parties were aware of its existence.

At the conclusion of their cases the plaintiffs rested, as did the defendant. The latter then moved for a directed verdict upon the grounds that (1) there was no showing of negligence on the part of the defendant; that (2) the ice on the highway was the sole proximate cause of the accident; and, that (3) it appears from the uncontroverted facts that this was an unavoidable accident. The trial judge thereupon dismissed the action.

Negligence is a question for the jury unless all reasonable men must draw the same conclusion from the facts as they are shown.[2] In the instant case a reasonable man might conclude that the defendant saw or should have seen the ice for what it was, rather than water, in time to take proper precautions to avoid the accident. The highway, with which defendant was familiar, at this point sloped to the right for drainage purposes. That morning he had traveled approximately 20 miles over a road that had patches of ice and snow upon it, one such patch being only 450 feet before reaching the ice at the stop sign. The fact that Kay bumped the Dixon car does not necessarily preclude a finding that the defendant was negligent. It is merely a fact which the jury might consider in determining the negligence or nonnegligence of the defendant. It was Kay's testimony that he had his car under such control that

2. Best v. Huber, 3 Utah 2d 177, 281 P.2d 208.

he could have avoided contact with the Dixon automobile.

Kay testified that the defendant had admitted the accident was his fault, which testimony a jury might well believe. Furthermore, whether the defendant's testimony concerning his speed, lookout, and other circumstances surrounding the accident is to be believed is a matter for a jury's determination and not that of the trial judge.[3]

Ordinarily, the issue of proximate cause is a matter to be submitted to the jury for its determination.[4] The causal relation between the defendant's conduct and the accident is immaterial unless the defendant's negligence has been established.[5] In the instant case the question of proximate cause is not, as defendant contends, whether the collision would have occurred if there had been no ice, but rather whether it would have occurred in the absence of negligence. Thus, this issue, along with the question of negligence, should have been submitted to the jury.

Having determined that a jury might reasonably find the defendant negligent, it is unnecessary to discuss the contention that the accident was unavoidable.

Reversed and remanded for a new trial. Costs to plaintiffs.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

---

3. Best v. Huber, supra, note 2; 53 Am. Jur., Trial, § 367.
4. Gibbs v. Blue Cab, 122 Utah 312, 249 P.2d 213, on rehearing 123 Utah 281, 259 P.2d 294; Jensen v. Taylor, 2 Utah 2d 196, 271 P.2d 838.
5. 2 Restatement of Torts, Sec. 430, comment a.