465 P.2d 1017

Naomi MELICH, Plaintiff and Respondent,

v.

Robert SCHELIN, Defendant and Appellant.

No. 11717.

Supreme Court of Utah.

Feb. 26, 1970.

Wendell P. Ables, Salt Lake City, for appellant.

Grant Macfarlane, Salt Lake City, for respondent.

## TUCKETT, Justice:

Plaintiff filed her action in the court below to recover for injuries she had sustained in an automobile collision. From an adverse judgment the defendant has appealed to this court.

On the morning of January 10, 1966, the defendant was operating his automobile in a northerly direction on 3600 West Street in Salt Lake County, Utah. Plaintiff was operating her automobile on the same street and immediately ahead of the defendant's automobile. At the intersection of 4100 South Street plaintiff stopped her vehicle in obedience to a traffic control light. The defendant observed the light change to amber when he was approximately 80 to 90 feet from the plaintiff's automobile and he attempted to stop his vehicle. The defendant attempted to brake his automobile by pumping the foot pedal but he was unable to stop before colliding with the plaintiff's automobile. As a result of the colli-

sion the plaintiff suffered injuries to the cervical portion of her spine which later required surgical procedures to repair.

After the accident the plaintiff's husband talked with the defendant about the costs incurred by the plaintiff and her husband as a result of the accident. The defendant paid to the husband the sum of $150 to be applied toward the plaintiff's hospital bill. The evidence does not indicate that the defendant and the plaintiff discussed the costs of the plaintiff's medical care and treatment or that any agreement of compromise was entered into.

The defendant is hereby seeking a reversal of the judgment of the trial court on the grounds that the record supports his conclusion that his brakes failed suddenly and without prior warning and that such circumstances do not show negligence on his part.[1] The defendant further claims that he and the plaintiff's husband entered into an agreement to compromise and settle the damages arising out of the accident. In this connection the defendant claims that acceptance of the $150 by the plaintiff's husband which was applied to the plaintiff's medical bills amounted to a ratification on her part of an agreement to compromise and settle her damages. However, there is nothing in the record to indicate that the husband was authorized by the plaintiff to enter into any compromise or settlement on her behalf.

1. Best v. Huber, 3 Utah 2d 177, 281 P.2d 208.

The evidence of record supports the court's finding that the defendant was guilty of negligence in the operation of his vehicle immediately prior to the collision and that his negligence was the proximate cause of the plaintiff's injury and damage. The record also supports the court's finding that the parties did not enter into a contract settling the claims of the plaintiff. We find no meritorious grounds on which to reverse the decision of the trial court on the issues of fact urged by the defendant before this court. The judgment of the court is affirmed. Plaintiff is entitled to costs.

CROCKETT, C. J., and HENRIOD, CALLISTER and ELLETT, JJ., concur.