David W. JENSEN, Plaintiff and Appellant,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, and Jose F. Gonzales, Defendants and Respondents.

No. 16417.

Supreme Court of Utah.

April 15, 1980.

Richard C. Dibblee and James R. Soper of Roberts, Black & Dibblee, Salt Lake City, for plaintiff and appellant.

Gordon L. Roberts and Thomas T. Billings of Parsons, Behle & Latimer, Don J. Hanson, Salt Lake City, Morris D. Young, Tooele, for defendants and respondents.

WILKINS, Justice:

This is an appeal from the entry of a summary judgment in favor of Defendant Mountain States Telephone and Telegraph Company (hereafter "Mountain Bell") and against Plaintiff David W. Jensen (hereafter "Plaintiff"). The issue presented is whether the District Court of Salt Lake County correctly ruled as a matter of law that Mountain Bell was not the proximate cause of injuries sustained by plaintiff.

On the morning of September 8, 1977, Mountain Bell began service work on underground telephone lines located at the intersection of State Road 111 which runs north-south and State Road 171 which runs east-west in Salt Lake County. In connection with this work, Mountain Bell parked one of its service vehicles (hereafter "van") in the intersection, which was positioned in a north-south direction. The van was approximately 18 feet long by 8 feet wide. At this intersection, State Road 111 consists of five lanes, two lanes running north and two running south with a middle lane for left-hand turns. The vehicle was marked off with traffic cones in all four directions. Additionally, "Men Working" signs were placed in the north and south directions at distances of approximately 500 feet and again in front and in back of the van. The van had its four-way flashers on, its headlights on, and had two strobe lights flashing.

At approximately 2:00 p. m. the same day, plaintiff was traveling north on State Road 111 on his motorcycle. At the intersection in question, plaintiff collided with an automobile being driven by Defendant Jose Gonzales (hereafter "Gonzales") who is not a party to this appeal. At the time of the collision, Gonzales was executing a left turn from State Road 111 onto State Road 171 heading east. Plaintiff was severely injured and has no recollection of the collision whatsoever.

Plaintiff brought suit against Mountain Bell and Gonzales alleging that each was negligent and the negligence of each was a proximate cause of his injuries. For purposes of this appeal only, Mountain Bell has conceded that it was negligent. In its motion for summary judgment and again on appeal, Mountain Bell argues that it is not liable for plaintiff's injuries because it was not, and could not be, the proximate cause of those injuries. Specifically Mountain Bell maintains that even if it were negligent, the subsequent negligence of Gonzales constituted an independent intervening cause which cut off the negligence of Mountain Bell and made the negligence of

Gonzales the sole proximate cause of plaintiff's injuries.

Summary judgment is proper only if the evidence, depositions, affidavits and admissions, when viewed in the light most favorable to the losing party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1]

Based on the case of *Hillyard v. Utah By-Products Co.*,[2] Mountain Bell maintains that since Gonzales observed the parked van, his act of turning left into the oncoming path of plaintiff was a later intervening act which served to "interrupt the natural sequence of events and cut off the legal effect of the negligence" of Mountain Bell.[3] The District Court agreed and granted summary judgment. We believe that the rules laid down in *Hillyard* and its progeny and the facts as they appear in this case dictate that summary judgment was inappropriate and that the matter should be remanded for trial on the merits.

We recognize at the outset that in appropriate circumstances summary judgment may be granted on the issue of proximate cause.[4] However, in a situation involving independent intervening cause, the primary issue is one of the foreseeability of the subsequent negligent conduct of a third person, and in this case, that issue must be resolved by the finder of fact.

In *Hillyard*, plaintiff's decedent had been a passenger in an automobile driven by one Aston. Aston negligently collided with a truck which had been negligently parked so as to partially obstruct the flow of traffic. The defendant in *Hillyard*, who owned the truck in question, argued that as a matter of law Aston's negligence was an intervening act which superseded the negligence in parking the truck, thereby insulating that negligence from being a substantial factor in causing the collision. In addressing this argument the Court stated:

. . . It is uniformly affirmed by leading authorities that this argument would only be valid if Mr. Aston's conduct was so unusual, so out of the ordinary, so unforeseeable as to be unanticipated from a legal point of view.

\* \* \* \* \* \*

The Restatement of the Law of Torts essentially expresses the same concept in a different manner:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if:

"(a) The actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) A reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) The intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

The doctrine enunciated in the above quotations is based upon the proposition that one cannot excuse himself from liability arising from his negligent acts merely because the later negligence of another concurs to cause an injury, if the

---

1. *Livingston Industries, Inc. v. Walker Bank & Trust Co.*, Utah, 565 P.2d 1117 (1977). Rule 56(c), Utah Rules of Civil Procedure.

2. 1 Utah 2d 143, 263 P.2d 287 (1953).

3. Id., 1 Utah 2d at 151, 263 P.2d at 292.

4. Where, for instance, reasonable minds could not differ that something was or was not the proximate cause of injury. See n.9, infra.

However, due to our disposition of this case we find it unnecessary here to discuss the issue of the allocation of functions between judge and jury advocated by Mountain Bell, which refers, *inter alia*, to Thode, *Tort Analysis: Duty Risk v. Proximate Cause and the Rational Allocation of Functions between Judge and Jury*, 1977 Utah L.Rev. 1 (1977).

later act was a *legally foreseeable* event.[5] (Emphasis in original, footnotes omitted).

■ Mountain Bell maintains that the language in *Hillyard*, discussing emergency situations indicates that it is only in such situations that the negligence of the first actor can remain active so as to constitute a concurring proximate cause together with the negligence of the later actor. However, a close reading of *Hillyard* as well as the treatment of the *Hillyard* rule in later cases leads us to the conclusion that the true basis of the rule rests on the concept of the legal foreseeability of the subsequent negligence. The reference to emergency situations is based more on the factual setting presented in *Hillyard* than on limiting application of the rule only to emergency situations.[6] This conclusion is strengthened by this Court's latest treatment of the *Hillyard* rule found in *Watters v. Querry*.[7] Although *Watters* involved a situation where the driver of a car stopped abruptly, the words "emergency situation" are nowhere mentioned. Instead, the Court stated:

The more fundamental test is whether under the particular circumstances he should have foreseen that his conduct would have exposed others to an unreasonable risk of harm; and this includes situations where negligent or other wrongful conduct of others should reasonably be anticipated. This is the view expressed by the eminent authority, Professor Prosser. In his discussion of intervening causes, he makes this statement:

"The risk created by the defendant *may include the intervention of the foreseeable negligence of others . . .* the standard of reasonable care may require the defendant to protect the plaintiff against 'that occasion[al] negligence which is one of the ordinary incidents of human life and therefore to be anticipated.' "

The difficulty with the instruction about which plaintiff complains is that, as applied to the instant situation, it would seem to exculpate defendant Hemingway (who created a dangerous situation) if it is found that the defendant Querry (the later actor) was negligent, whether or not the latter's conduct was foreseeable.[8] (Emphasis in original, footnote omitted).

■ The record herein reflects that Gonzales in approaching the intersection in question observed and was fully aware of the presence of the Mountain Bell van. The record further reflects that because of the presence of the van, Gonzales was unable to see whether traffic was approaching from the south. Faced with the inability to determine if it was safe to execute a left-hand turn, Gonzales remained stationary in the turn lane for approximately two minutes pondering what to do. He then apparently proceeded slowly in an attempt to get a better view around the Mountain Bell van. Almost immediately thereafter plaintiff collided with the Gonzales' automobile.

Based on these facts the District Court apparently determined that the conduct of Gonzales and plaintiff as a matter of law was of a type that could not have been foreseen by Mountain Bell under any circumstances. We hold that the evidence before the District Court was not such that it could be said that reasonable minds could not differ that this conduct was not foreseeable by Mountain Bell. Hence a jury issue is presented[9] and summary judgment is inappropriate.

Reversed. Costs to plaintiff.

CROCKETT, C. J., and HALL, MAUGHAN and STEWART, JJ., concur.

5. 1 Utah 2d at 148–149, 263 P.2d at 290–291.

6. See, e. g., *McMurdie v. Underwood*, 9 Utah 2d 400, 346 P.2d 711 (1959) (Wade, J., dissenting); *Velasquez v. Greyhound Lines, Inc.*, 12 Utah 2d 379, 366 P.2d 989 (1961).

7. Utah, 588 P.2d 702 (1978).

8. Id. at 704.

9. See, e. g., *Jensen v. Dolen*, 12 Utah 2d 404, 367 P.2d 191 (1962); *Charvoz v. Cottrell*, 12 Utah 2d 25, 361 P.2d 516 (1961); *Webb v. Olin Mathieson Chemical Corp.*, 9 Utah 2d 275, 342 P.2d 1094 (1959); *Best v. Huber*, 3 Utah 2d 177, 281 P.2d 208 (1955); *Stickle v. Union Pacific Railroad Co.*, 122 Utah 477, 251 P.2d 867 (1953).