Lisa WATTERS, Plaintiff and Appellant,

v.

Clayton N. QUERRY, Jean C. Querry, Charles L. Querry, Elizabeth Hemingway, and David E. Hemingway, Defendants and Respondents.

No. 16897.

Supreme Court of Utah.

Feb. 17, 1981.

---

* CROCKETT, J., concurred in this case before his retirement, January 5, 1981.

Samuel King, Salt Lake City, for plaintiff and appellant.

Don Hanson, Salt Lake City, for Querry.

Philip R. Fishler, Salt Lake City, Gary A. Frank, Murray, for Hemingway.

HALL, Justice:

Plaintiff appeals a second jury verdict and judgment[1] which dismissed her complaint against defendant Elizabeth Hemingway (hereinafter "defendant") for personal injuries resulting from an automobile accident.

On February 26, 1976, at approximately 10:00 p. m., defendant was driving her car westbound on Elgin Avenue in Salt Lake County. She turned right onto 7th East Street, a major thoroughfare. Then proceeding northbound, she moved from the extreme outside lane of traffic to the inside lane (that nearest the highway divider). At a break in the highway divider, defendant slowed and signaled a left turn.[2]

Plaintiff was also northbound on 7th East Street, rapidly approaching defendant from behind. Upon seeing defendant's taillights, plaintiff successfully braked so as to avoid a collision. Defendant Clayton Querry (hereinafter "Querry") was driving a car immediately behind plaintiff's vehicle. Querry was admittedly inattentive and his car collided with plaintiff's car, just as defendant rounded the corner.

Querry thereafter settled with plaintiff. Plaintiff also sought recovery from defendant and initiated this action.

A trial of the matter to a jury resulted in a verdict on special interrogatories stating that, while defendant was negligent, her negligence was not a proximate cause of the collision nor of plaintiff's injury. On appeal, this Court vacated the judgment and remanded the cause for a new trial.[3] The basis of that opinion was two-fold: (1) that the court had improperly sustained an objection to certain testimony as hearsay; and (2) that the court improperly instructed the jury inasmuch as a jury question existed with regard to the foreseeability that an inattentive driver would be following defendant.

On remand, the matter was again tried to a jury on special interrogatories. The testimony previously excluded as hearsay was admitted, and an instruction on foreseeability was given.[4] The jury again found defendant free from liability, her negligence not being a proximate cause of the accident. From this verdict, plaintiff takes the instant appeal.

Plaintiff first asserts that defendant's conduct constituted a proximate cause of the accident as a matter of law. Ordinarily, the issue of proximate cause is a

1. The first appeal of this matter is reported in Utah, 588 P.2d 702 (1978).

2. Defendant concedes that the intended left turn was in violation of U.C.A., 1953, 41–6–63.-10.

3. *Watters v. Querry*, Utah, 588 P.2d 702 (1978).

4. Instruction 24 reads as follows:
   You are instructed that a circumstance or act can reasonably be regarded as the effective factor in producing an injury and can be *properly regarded as a proximate cause of it*, even though later events which combine to cause the injury may also be classified as negligent, so long as the later act is something that might reasonably be expected to follow in the natural sequence of events. Thus, if you find that the actions of Elizabeth [Hemingway] were wrongful and that the collision of Clayton Querry's car with that of Lisa [Watters], was within that natural and continuous sequence of events which might reasonably be expected to follow the actions of Elizabeth [Hemingway], and result in the injury of Lisa Watters, then you may find that the actions of Elizabeth [Hemingway] were a concurring proximate cause of the injury even though the later negligent act of Clayton Querry cooperated to cause it.
   But, if the actions of Clayton Querry in causing the collision were of such character as not reasonably to be expected to happen in the natural sequence of events started by the actions of Elizabeth [Hemingway], then the acts of Clayton Querry are the independent intervening cause and, therefore, the sole proximate cause of the injury.

matter to be submitted to the jury for its determination.[5] This Court previously ruled that the issue of causation in the instant case should be determined by the jury:

It appears to us that there is a legitimate question as to whether a jury could reasonably find that defendant Hemingway, in making the alleged stop, should have foreseen that, in traffic such as there was on that highway, some momentarily inattentive driver following her would not be able to react and brake quick enough to avoid collision with her car or the car behind hers.[6]

██ Once the jury has looked at the facts, weighed them, and made its decision based upon substantial, competent evidence, we are precluded from disturbing its findings.[7] The issue of proximate cause was properly submitted to the jury.

██ Plaintiff's second contention on appeal is that Querry's conduct was not of such character as to relieve defendant of responsibility for her negligence. This contention relates directly to the issue of proximate cause, discussed *supra.* In *Jensen v. Mountain States Tel. and Tel. Co.,*[8] we held that the first actor cannot excuse himself from liability arising from his negligent acts merely because the later negligence of another concurs to cause injury, if the later act were a foreseeable event. Furthermore, we held that this "foreseeability" is an issue which must be resolved by the finder of fact.

We remanded the instant case to allow for a determination by the jury of that very issue. In finding that defendant's negligence was not a proximate cause of plaintiff's injuries, the jury necessarily concluded that the degree of Querry's inattentiveness in this case was not foreseeable. The facts presented at trial were adequate to support the proposition that the exercise of reasonable care on the part of Querry would have enabled him to avoid the accident. Due to Querry's negligence and inattentiveness, he failed to observe the situation as he should have; therefore, this later negligent act became the sole proximate cause of the collision.

This is consistent with the following reasoning of *Anderson v. Parson Red-E-Mix Paving Co.:*[9]

... [I]f the previously created dangerous condition is such that the later actor, in the exercise of reasonable care, should have observed and avoided it, ... the later act of negligence is an independent intervening and therefore sole proximate cause.

The jury's finding on proximate cause is amply supported by the evidence.

Plaintiff's third point on appeal is that by rejecting her requested instructions 17 and 17A, the court failed to submit her theory of negligence to the jury. Said instructions recite plaintiff's allegations that defendant was negligent in making an illegal turn, in keeping an improper lookout, and in failing to drive as a reasonable person.

██ The well-recognized general rule entitles a party to have his theory of the case submitted to the jury. Where there is evidence adduced to support a party's theory of the case, it is prejudical error for the trial court to fail to instruct thereon.[10] Nevertheless, the court cannot be said to have failed to properly instruct the jury when requested instructions are fully cover-

---

5. *Jensen v. Dolen,* 12 Utah 2d 404, 367 P.2d 191 (1962). See also, *Nyman v. Cedar City,* 12 Utah 2d 45, 361 P.2d 1114 (1961); *Webb v. Olin Mathieson Chemical Corp.,* 9 Utah 2d 275, 342 P.2d 1094 (1959); *Hillyard v. Utah By-Products Co.,* 1 Utah 2d 143, 263 P.2d 287 (1953); and 57 Am.Jur.2d, Negligence, § 136.

6. Supra, footnote 3.

7. See *Fisher v. Taylor,* Utah, 572 P.2d 393 (1977), and *Wash-A-Matic, Inc. v. Rupp,* Utah, 532 P.2d 682 (1975).

8. Utah, 611 P.2d 363 (1980).

9. 24 Utah 2d 128, 467 P.2d 45 (1970).

10. *Morrison v. Perry,* 104 Utah 151, 140 P.2d 772 (1943).

ed in other instructions given.[11] It is our opinion that other instructions given adequately presented plaintiff's case to the jury. In any event, assuming *arguendo* that it was error for the court to refuse to give plaintiff's requested instructions 17 and 17A, such was harmless error. These instructions relate specifically to the negligent character of defendant's conduct. The jury specifically found in plaintiff's favor on this issue. The dismissal was based on causation alone, and therefore, no flaw in the court's instructions relating to negligence can inure to plaintiff's detriment.

The fourth contention on appeal is that plaintiff's counsel was not allowed to see and take exception to the court's instructions before the case was submitted to the jury. The facts giving rise to such contention are as follows. On January 7, 1980, after both sides had rested, the court excused the jury from the courtroom and discussed with counsel the instructions it intended to give the jury. The court indicated that it would give essentially the same instructions as were given by Judge Snow in the first trial. The court then asked if counsel would stipulate that they would take their exceptions to the instructions while the jury deliberated. Defendant's counsel so stipulated and then the following interchange occurred between plaintiff's counsel and the court:

MR. KING: In view of the direction that that's the Court's preference—

THE COURT: If you want to take them now, you sure can, but you haven't had a chance to even look at them.

MR. KING: I have to do a balancing of factors here, Your Honor, with the force and effect of the exceptions being given, being taken as given before the jury is instructed.

Gentlemen, the thing in my mind, as I said, is the four year old case with issues of damages, issues of proximate cause. I would be more comfortable taking them

now, but I can understand the Court's problem so *I will reserve my exceptions until after.* [Emphasis added.]

The jury was thereupon returned to the courtroom and the court read its instructions. The court was then recessed until the following morning, January 8, 1980. According to an affidavit filed by plaintiff's counsel on appeal, during the interim he read the instructions given by the court and realized that plaintiff's requested instructions 17 and 17A had been omitted. The following morning (January 8), he approached the court in chambers and, in the presence of counsel for defendant, claimed that those instructions had been inadvertently omitted and that they were vital to plaintiff's case. The court stated that it thought the matters were adequately covered in other instructions, that they had not been given by Judge Snow in the first trial, and that to read them at that point would be to give them greater emphasis than the other instructions already given. Thereupon, the court declined to instruct the jury further.

Plaintiff's counsel now claims that the foregoing procedure was in violation of Rule 51, U.R.C.P., which allegedly requires that exceptions be taken in the presence of the court before the jury is instructed so that the court can correct oversights and mistakes before submitting the case to the jury. In light of our disposition of plaintiff's third point on appeal, discussed *supra*, any procedural error in not giving the requested instructions is rendered harmless. In any event, and even in light of plaintiff's counsel's stipulation to take exceptions after the jury had retired, the court was fully aware of counsel's objections to the absence of plaintiff's requested instructions 17 and 17A.[12] It is undisputed that plaintiff's counsel had and took the opportunity of pointing out to the court what he deemed to be error before

---

11. *Jensen v. Taylor*, 2 Utah 2d 196, 271 P.2d 838 (1954).

12. It is sufficient that a party, at the time the ruling of the court is made or sought, makes

known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor. Rule 46, U.R.C.P.

the case was ever submitted to the jury. There is therefore no merit to this claim of error.

■ Plaintiff's final contention is that the court erred in its instructions on proximate cause. Specifically challenged are instructions 7(D) and 17. Instruction 7(D) reads as follows:

By "proximate cause" is meant that cause which is a natural, continuous sequence, unbroken by any new cause, produced the injury and without which the injury would not have occurred.

Instruction 17 reads as follows:

The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause— the one that necessarily sets in operation the factors that accomplish the injury.

The law does not necessarily recognize only one proximate cause of injury, consisting of only one factor, one act, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause and both may be held responsible.

Plaintiff contends that said instructions effectively took the issue of proximate cause from the jury because of the use of such language as "unbroken by any new cause," and "unbroken by an efficient intervening cause." We believe that the foregoing instructions adequately instructed the jury on the issue of proximate cause, especially when read in conjunction with instruction 24 [13] which relates to the foreseeability issue. The instructions find support in J.I.F.U. [14] and in our case law. [15] The jury was properly instructed on the issue of proximate cause.

Affirmed. Costs to defendant.

13. See footnote 4, *supra.*

14. Jury Instruction Forms, Utah, 1957. See specifically, J.I.F.U. instruction number 15.6.

STEWART and HOWE, JJ., and TUCKETT, Retired Justice, concur.

CROCKETT, J., heard the arguments but retired before the opinion was filed.

MAUGHAN, C. J., does not participate herein; TUCKETT, Retired Justice, sat.

15. See, e. g., *Hillyard v. Utah By-Products Co., supra,* footnote 5, and *Anderson v. Parson Red-E-Mix Paving Co., supra,* footnote 9.