Matthew C. HARRIS and Gary C. Harris, Plaintiffs and Appellants,

v.

The UTAH TRANSIT AUTHORITY and Lester Lorenzo Loosemore, Defendants and Respondents.

No. 17042.

Supreme Court of Utah.

Oct. 7, 1983.

Merlin R. Lybbert, Paul C. Droz, Salt Lake City, for plaintiffs and appellants.

Timothy R. Hanson, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff Matthew Harris brought this action for personal injuries sustained in a collision between a bus owned and operated by defendant Utah Transit Authority (UTA) and a jeep in which the plaintiff was a passenger. The driver of the bus, Lester Loosemore, is also a defendant. The trial court ruled as a matter of law that Rodney Talbot, the driver of the jeep, was negligent, and the jury found that UTA and Loosemore were not negligent and that Talbot was the sole proximate cause of the accident. Judgment was entered for the defendants, and plaintiffs appeal.

The accident occurred on the morning of March 7, 1977. Talbot, Harris, and Kevin Lucia, another passenger of Talbot, were on an errand for their high school teacher. The collision occurred at the "T"-intersection of 1700 North and Washington Boulevard in North Ogden, Utah. At the point of the collision, Washington Boulevard has four traffic lanes, two north bound and two south bound. The impact occurred in the outside south-bound lane. A bus of defendant UTA stopped to pick up a passenger, and was positioned with its right rear outer wheel four inches off the pavement and was obstructing a portion of the outside travel lane. The day was dry and clear, and the driving conditions were good. The jeep was in good mechanical condition and traveling within the speed limit and with the flow of traffic at between 40 and 50 miles per hour.

Talbot did not recall seeing the bus ahead of him until just before the collision occurred. Upon seeing the bus, he glanced in his rear-view mirror, swerved left and braked to avoid the bus. In the course of this maneuver, the right side of the jeep struck the left rear corner of the bus and

pinched Harris' right arm between the bus and the jeep, effectively severing the arm between the shoulder and the elbow.

## I. JURY INSTRUCTIONS

### A. Proximate Cause and Superseding Cause

Plaintiffs urge that the trial court erred in directing the jury to find as a matter of law that Talbot, the driver of the jeep, was negligent and that if because of his negligence he failed to observe the bus, then he was the *sole* proximate cause of the accident. Instruction no. 14 stated in part:

> [Y]ou are instructed that the driver of the Jeep, Rodney Talbot, was negligent as a matter of law, and if you find that he observed the bus stopped upon the highway, or, under the circumstances should have observed the bus, but because of his negligence failed to do so in time to avoid the accident, then you are instructed that the negligence on his part was the sole proximate cause of the collision.

The instruction directed a verdict on two crucial contested issues of fact and in addition was confusing. First, the instruction directed the jury that Talbot was negligent as a matter of law. In addition, even though the instruction did not specify in what manner Talbot was negligent as a matter of law, it nevertheless stated that if Talbot: (1) knew the bus had stopped or (2) should have observed that the bus was stopped and failed to do so in time to avoid the accident, then Talbot's negligence was the "sole proximate cause of the collision." Second, the instruction in effect directed a verdict on proximate cause, apparently on the theory that Talbot's negligence was a superseding cause.

■ The law of superseding causation is, as a general proposition, more easily stated than applied. A person's negligence is not superseded by the negligence of another if the subsequent negligence of another is foreseeable. This Court in *Jensen v. Mountain States Telephone and Telegraph, Co.,* Utah, 611 P.2d 363 (1980), adopted the rule

stated in the Restatement (Second) of Torts § 447 (1965):

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

The same general rule is stated by Professor Prosser as follows:

> The risk created by the defendant may include the intervention of the foreseeable negligence of others.... [T]he standard of reasonable conduct may require the defendant to protect the plaintiff against 'that occasioned negligence which is one of the ordinary incidents of human life and therefore to be anticipated.'

Prosser, *The Law of Torts* § 44 at 274 (4th ed. 1971) (footnotes omitted).

This Court has applied that rule on several occasions. *E.g., Jensen v. Mountain States Telephone and Telegraph Co., supra; Watters v. Querry,* Utah, 588 P.2d 702 (1978), *appeal from proceedings after remand,* 626 P.2d 455 (1981). *See Skollingsberg v. Brookover,* 26 Utah 2d 45, 484 P.2d 1177 (1971). *Cf. Collier v. Frerichs,* Utah, 626 P.2d 476 (1981). *Accord Hennigan v. Atlantic Refining Co.,* 282 F.Supp. 667 (E.D. Pa.1967); *Grainy v. Campbell,* 493 Pa. 88, 425 A.2d 379 (1981); *Strobel v. Chicago, Rock Island & Pacific R.R. Co.,* 255 Minn. 201, 96 N.W.2d 195 (1959). *See also* Annot., *Negligence Causing Automobile Accident, or Negligence of Driver Subsequently Approaching Scene of Accident, As Proximate Cause of Injury by or to the Approaching*

*Car or to Its Occupants,* 58 A.L.R.2d 270, § 2[b] (1958).

In *Watters v. Querry, supra,* the defendant Hemingway slowed abruptly on the freeway while changing lanes. Plaintiff Watters slowed to avoid hitting Hemingway, and was in turn rear-ended by defendant Querry. On appeal, this Court held that an instruction, essentially similar to instruction 14 in the instant case, constituted reversible error. The instruction stated that if the driver of a cr should have observed and avoided a dangerous condition created by another car in front of him and did not, that driver's negligence was an " 'independent intervening cause, and, *therefore the first driver cannot be a proximate cause of the collision.*' " 588 P.2d at 703 (emphasis in original). This Court held:

> The more fundamental test is whether under the particular circumstances he should have foreseen that his conduct would have exposed others to an unreasonable risk of harm; and this includes situations where negligent or other wrongful conduct of others should reasonably be anticipated. . . . The difficulty with the instruction about which plaintiff complains is that, as applied to the instant situation, it would seem to exculpate defendant Hemingway (who created a dangerous situation) if it is found that the defendant Querry (the latter actor) was negligent, whether or not the latter's conduct was foreseeable. If the principle of law just discussed is properly applied to the evidence in this case, it appears to us that there is a legitimate question as to whether a jury could reasonably find that defendant Hemingway, in making the alleged abrupt stop, should have foreseen that, in traffic such as there was on that highway, some momentarily inattentive driver following her would not have been able to react and brake quick enough to avoid collision with her car or the car behind hers.

588 P.2d at 704.

Later, when *Watters* was again appealed from an order entered after the remand in the first case, we reaffirmed the rule. Citing *Jensen v. Mountain States Telephone and Telegraph Co., supra,* this Court stated:

> [T]he first actor cannot excuse himself from liability arising from his negligent acts merely because the later negligence of another concurs to cause injury, if the later act were a foreseeable event.

626 P.2d at 458.

■ In the present case, the disputed instruction was erroneous because it failed to submit the proximate cause issue to the jury for determination. *Jensen v. Mountain States Telephone and Telegraph Co., supra.* In other words, the jury should have decided whether Loosemore stopped the bus in such a way that it was foreseeable that "some momentarily inattentive driver following [him] would not be able to react and brake quick enough to avoid collision." *Watters v. Querry, supra,* 588 P.2d at 704.

■ Where the evidence is in dispute, including the inferences from the evidence, the issue should be submitted to the jury. *Little America Refining Co. v. Leyba,* Utah, 641 P.2d 112 (1982); *FMA Acceptance Co. v. Leatherby Insurance Co.,* Utah, 594 P.2d 1332 (1979). *See also Bowen v. Riverton City,* Utah, 656 P.2d 434 (1982); *Jensen v. Mountain States Telephone and Telegraph Co.,* Utah, 611 P.2d 363 (1980).

We do not mean to imply that rulings by the trial court which decide a factual contention as a matter of law are never appropriate. But the right to trial by jury is a basic principle of our system that cannot be allowed to be eroded by improper intrusions on the jury's prerogative. In the instant case, the issue of Talbot's negligence and proximate cause should have gone to the jury. If, as plaintiff contends, Loosemore stopped the bus too rapidly, or failed to drive out of the lane of traffic, or had faulty brake lights, he may have contributed to a rear-end collision by a momentarily inattentive driver, which would not have been so "extraordinary" as to be unforeseeable.

B. The Rule in *Hillyard v. Utah By-Products Co.*

■ Instruction no. 14 appears to have been based on the rule stated in *Hillyard v. Utah By-Products Co.,* 1 Utah 2d 143, 151, 263 P.2d 287, 292 (1953); and restated in *McMurdie v. Underwood,* 9 Utah 2d 400, 346 P.2d 711 (1959); *Valesquez v. Greyhound Lines, Inc.,* 12 Utah 2d 379, 366 P.2d 989 (1961); *Anderson v. Parson Red-E-Mix Paving Co.,* 24 Utah 2d 128, 467 P.2d 45 (1970). *Hillyard, supra,* stated the rule as follows:

> In applying the test of foreseeability to situations where a negligently created pre-existing condition combines with a later act of negligence causing an injury, the courts have drawn a clear-cut distinction between two classes of cases. The first situation is where one has negligently created a dangerous condition [such as parking the truck] and a later actor observed, or circumstances are such that he could not fail to observe, but negligently failed to avoid it. The second situation involves conduct of a later intervening actor who negligently failed to observe the dangerous condition until it is *too late* to avoid it. In regard to the first situation it is held as a matter of law that the later intervening act does interrupt the natural sequence of events and cut off the legal effect of the negligence of the initial actor. This is based upon the reasoning that it is not reasonably to be foreseen nor expected that one who *actually becomes cognizant* of a dangerous condition in ample time to avert injury will fail to do so.[17] On the other hand, with respect to the second situation, where the second actor fails to see the danger in time to avoid it, it is held that a jury question exists, based on the rationale that it can reasonably be anticipated that circumstances may arise wherein others may not observe the dangerous condition until too late to escape it.[18] The distinction is basically one between a situation in which the second actor has sufficient time, after being charged with knowledge of the hazard, to avoid it, and one in which the second actor negligently becomes confronted with an *emergency* situation.

[17] *Kline v. Moyer,* 325 Pa. 357, 191 A. 43, 111 A.L.R. 406 (1937).

[18] *Ibid.*

1 Utah 2d at 151, 263 P.2d at 292 (emphasis in original). In other words, the test in *Hillyard* is two-pronged: (1) where a motorist sees a stationary object in the road and negligently fails to avoid it, his negligence is, as a matter of law, a superseding cause, but (2) if the motorist negligently fails to see the stationary object in time to avoid it, the issue of whether the motorist's negligence is a superseding cause is for the jury.

The case most heavily relied on in *Hillyard* to support the first prong of the rule there stated has been overruled. *Kline v. Moyer,* 325 Pa. 357, 191 A. 43 (1937), was expressly overruled by *Grainy v. Campbell,* 493 Pa. 88, 425 A.2d 379 (1981), which rejected the rule of superseding cause in *Kline* and adopted the rule stated in § 447 of the Restatement (Second) of Torts. *See also Hennigan v. Atlantic Refining Co.,* 282 F.Supp. 667, 678–79 (E.D.Pa.1967) (explaining Pennsylvania's modifications to *Kline v. Moyer*).

The strong drift away from deciding the issue of superseding causation in automobile accidents as a matter of law is evident in *Jensen v. Mountain States Telephone and Telegraph Co.,* Utah, 611 P.2d 363 (1980), and *Watters v. Querry,* Utah, 588 P.2d 702 (1978). Indeed, *Jensen* all but overruled the first prong of *Hillyard sub silento.* The approach taken in *Jensen* and *Watters* is also consistent with a number of other Utah cases in which this Court has held that a motorist who collides with a stationary vehicle on the highway is not guilty of negligence as a matter of law without respect to the totality of the circumstances. *See Collier v. Frerichs,* Utah, 626 P.2d 476 (1981); *Fretz v. Anderson,* 5 Utah 2d 290, 300 P.2d 642 (1956); *Nielsen v. Watanabe,* 90 Utah 401, 62 P.2d 117 (1936).

Finally, the first prong of *Hillyard* cannot stand analysis from a theoretical point of view. There is no valid distinction between

one who negligently fails to keep a proper lookout and rear-ends another car and one who keeps a proper lookout but negligently fails to avoid a collision. The two situations are similar to the doctrines of assumptions of risk and contributory negligence—which are now treated for the most part simply in terms of whether a defendant failed to act as a reasonably prudent person under the circumstances. *Moore v. Burton Lumber & Hardware Co.,* Utah, 631 P.2d 865 (1981); *Jacobsen Construction Co. Inc. v. Structo-Lite Engineering, Inc.,* Utah, 619 P.2d 306 (1980). Although *Moore* and *Jacobsen* did not deal with proximate cause, that is not significant. What is significant is that the distinction between the first and second prongs of *Hillyard* is artificial and unjustifiable basically for the reasons stated in *Moore.* In addition, whether a defendant's conduct fits under the first or second prong in *Hillyard,* conduct under either prong is generally foreseeable from the point of view of the person who first creates the hazard.

Finally, the unsound distinction made in *Hillyard* serves to frustrate the purpose of the Comparative Negligence Statute by precluding the kind of comparison of fault that a jury ought to make. The allocation of liability should be made on the basis of the relative culpability of both parties. To do that the jury must assess the reasonableness or unreasonableness of the second driver's actions in light of all the circumstances, including whatever action it takes to avoid a collision, his initial speed, the initial speed of the first car, road conditions, traffic conditions, and the like.

To avoid further confusion in the doctrine of superseding causation in cases such as this, we hereby overrule the first prong of the *Hillyard* test as stated in *Hillyard, McMurdie, Valesquez,* and *Anderson.*

## II. EXCLUSION OF EVIDENCE

Plaintiffs also urge that the court erred in excluding the bus maintenance records made subsequent to the accident. The records were offered for the purpose of demonstrating that the tail lights of the bus were not functioning at the time of the accident and that UTA was therefore negligent.

The law is well settled that evidence of repairs made after an accident is inadmissible to prove negligence. Rule 51, Utah R.Evid.; *Potter v. Dr. W.H. Groves Latter-day Saints Hospital,* 99 Utah 71, 103 P.2d 280 (1940). However, evidence of subsequent repairs is admissible for other purposes, such as proving the physical conditions that existed at the time of an accident, if the defendant disputes the earlier condition, and if the only way of establishing the earlier condition is by evidence of subsequent repairs. *Lawlor v. County of Flathead,* 177 Mont. 508, 582 P.2d 751 (1978); *Heldman v. Uniroyal, Inc.,* 53 Ohio App.2d 21, 371 N.E.2d 557 (1977); *Leeth v. Roberts,* 295 Ala. 27, 322 So.2d 679 (1975) (dictum); *McCormick on Evidence* § 295 at 668 & n. 23 (2d ed. 1972); Annot., *Admissibility of Evidence of Repairs, Change of Conditions, or Precautions Taken After Accident,* 64 A.L.R.2d 1296, § 6[d] (1959). *See also* 2 Wigmore, *Evidence* § 283 (Chadbourn rev. 1979).

Although the alleged malfunctioning of the brake lights of the bus might have been caused by the accident itself, the plaintiff's theory was that the lights were defective prior to the accident and that that defect was a causative factor. Under the circumstances, whether the lights were malfunctioning and whether they contributed to the accident were questions of fact for the jury. In short, it was error to exclude the proffered evidence.

## III. REVERSIBLE ERROR

Since instruction no. 14 and the exclusion of UTA's maintenance records were erroneous, the issue must be addressed whether those errors were sufficiently prejudicial to constitute grounds for reversal. An error is reversible if there is a reasonable likelihood that a more favorable result would have been obtained by the complaining party in the absence of the error. *Moore v. Burton Lumber & Hardware Co.,*

Utah, 631 P.2d 865 (1981); *Shurtleff v. Jay Tuft & Co.,* Utah, 622 P.2d 1168 (1980); *Rowley v. Graven Brothers & Co.,* 26 Utah 2d 448, 491 P.2d 1209 (1971). *See also Rivas v. Pacific Finance Co.,* 16 Utah 2d 183, 397 P.2d 990 (1964); *Hales v. Peterson,* 11 Utah 2d 411, 360 P.2d 822 (1961).

Plaintiffs tried the case on the theory that Loosemore was negligent in five different respects in the manner in which he drove the bus. Plaintiff also contended that UTA was negligent in its maintenance of the bus' electrical system. The error in instruction no. 14 in directing a verdict on proximate cause combined with the exclusion of evidence was clearly prejudicial on the theory based on improper maintenance of the bus.

Furthermore, we cannot conclude that the errors in instruction no. 14 relating to Talbot's negligence and to proximate cause and the error in the exclusion of evidence were harmless in assessing whether there was negligence in the operation of the bus, even though the jury found Loosemore not negligent. Absent those errors it is reasonably possible that the jury would have found Loosemore's operation of the bus negligent in view of instruction no. 11, which is set out in the margin, and a proximate cause of the accident.[1] Whether the brake and turn lights were working clearly bore on the reasonableness of the manner in which Loosemore stopped the bus and where he stopped.

Plaintiff adduced evidence which made the reasonableness of Talbot's conduct and that of defendants turn to a significant degree upon whether the rear bus lights were malfunctioning as well as upon whether Loosemore stopped too swiftly and failed to pull completely out of the traffic lane when he stopped.

Although there was much disputed testimony concerning the operation of the rear signal and tail lights, no witness saw the brake lights at the time of the accident or immediately thereafter. The evidence revealed that the bus had experienced several electrical failures in the lighting and related systems prior to the accident, and the proffered evidence indicated that there had been numerous and continued problems with the electrical system after the accident.

One of Harris' witnesses, an expert in the field of accident reconstruction, testified that without functioning brake lights a slowing or stopping maneuver is very difficult to perceive in the rear driver's "cone of perception" until he is relatively close to the stopping vehicle. The expert testified that from the point Talbot perceived the bus and reacted, he made the best possible effort to avoid the accident. A driver of a vehicle behind Talbot testified that she was not

---

1. Instruction no. 11 stated:

It was the duty of the defendant, Lester Lorenzo Loosemore, to use reasonable care, under the circumstances, in driving the bus, to avoid danger to himself and others, and to observe and be aware of the condition of the highway, including its width and shoulders, the traffic thereon, and other existing conditions; in that regard, he was obligated to use reasonable care in respect to:

(a) To use reasonable care to keep a lookout for persons, other vehicles and other conditions reasonably to be seen or anticipated;

(b) To keep the bus under reasonably safe and proper control;

(c) Not to stop the bus upon the paved or main traveled part of the highway when it is practical to stop the bus off such paved or main traveled part of the highway;

(d) *Not to suddenly stop or decrease his speed without first ascertaining that he could do so with reasonable safety, and, if other vehicles are to be affected by such movement, not without first giving an appropriate signal to the driver to the rear that such movement is to be made; either by the extension of the hand and arm downward or by appropriate signal lamps, either such signal to be given continuously;*

(e) *Not to turn from a direct course or from one lane to another without first ascertaining that such movement can be made with reasonable safety, and, if other vehicles are to be affected by such movement, not without giving an appropriate signal continuously for at least the last three seconds preceding the beginning of the turn or change, either by the appropriate extension of arm and hand or by appropriate signal lamps.*

Failure of the defendant, Loosemore, to operate the bus in accordance with any of the foregoing requirements of law would constitute negligence on his part. [Emphasis added.]

aware that the bus had stopped until "suddenly the space between the jeep and the bus, and myself and the jeep was getting narrow." Another driver of a vehicle behind Talbot stated, "I didn't realize the bus was slowing down or stopping. We didn't have any indication it was stopping."

In sum, the exclusion of the maintenance records bore directly on whether the turn and brake lights were properly functioning and may have been of critical importance with respect to plaintiff's theories of negligence, both as to maintenance and manner of operation of the bus, and with respect to proximate cause. The errors were not harmless because there is a reasonable likelihood that the jury's verdicts would have been different in the absence of error.

Reversed and remanded for a new trial. Costs to appellants.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.