**Vivian Marie CHRISTENSEN,
Plaintiff and Appellant,**

v.

**Sharon L. SHEAR, Defendant
and Respondent.**

**No. 19679.**

Supreme Court of Utah.

Aug. 10, 1984.

---

1. *Sawyers v. Sawyers,* Utah, 558 P.2d 607 (1976); *State v. Hamilton,* 18 Utah 2d 234, 419 P.2d 770

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Scott W. Christensen, Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from a jury verdict to the effect that plaintiff's claimed injuries were not proximately caused by the defendant's negligent running into the rear end of her car at a traffic stop.

The accident occurred on the morning of March 12, 1981. Some five or six years before, the plaintiff was rather seriously injured in a snowmobile accident for which she received medical treatment. Evidence at trial conflicted whether she was suffering residual effects from the snowmobile injury at the time she was involved in the accident at issue here. After the March, 1981 accident, (but before this action was filed), plaintiff was injured when she fell from a horse and again when she was forced into a borrow pit after a side-swipe incident.

In her deposition, plaintiff testified she was not in any accident other than the snowmobile and the March 12, 1981 incidents. At the trial, on cross-examination, she reversed herself and admitted the last two incidents of which she had not advised her doctors. From medical reports in evidence, the jury reasonably could have believed that plaintiff's trouble stemmed from the original accident, accentuated by the last two, but not by that of March 12, 1981.

Under principles applicable in the appellate review process, we are impelled to affirm the jury verdict. Defendant appropriately cites the case of *Watters v. Querry,* Utah, 626 P.2d 455 (1981). In that case, as here, the jury was properly instructed

(1966).

on the issue of proximate cause. This Court held as follows:

> Ordinarily, the issue of proximate cause is a matter to be submitted to the jury for its determination....
>
> Once the jury has looked at the facts, weighed them, and made its decision based upon substantial, competent evidence, we are precluded from disturbing its findings. The issue of proximate cause was properly submitted to the jury. [Citations omitted.]

The rule was recently reaffirmed in *E.A. Strout Western Realty v. W.C. Foy & Sons*, Utah, 665 P.2d 1320 (1983).

The judgment and verdict are affirmed, without any award of costs on appeal.

ZIMMERMAN, J., does not participate herein.